UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JASON PALMITER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| V. | ) |
| | ) |
| CUMBERLAND COUNTY, | ) |
| KEVIN JOYCE, JOHN DOE ONE | ) |
| JOHN DOE TWO, JANE DOE, | ) |
| | ) |
| Defendants, | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the plaintiff in the above titled matter and states as follows:

**Nature of the Action**

Sometime between March 25, 2011 and March 28, 2011 at the Cumberland County Jail, three as yet to be identified corrections officers did trip Jason Palmiter causing his head to hit the floor and then the officers struck Mr. Palmiter about the back, face, and ribs.  Mr. Palmiter denies that he provoked the officers, resisted the officers in any way, or otherwise did anything that justified the use of force against him.  This attack on Mr. Palmiter resulted in abrasions to his forehead, contusions around his eyes, a broken blood vessel in one of his eyes, bruised or broken ribs, and the lose of consciousness.  Mr. Palmiter was denied medical care, his right to be protected from injury while in custody, and his right to be free from the use of unreasonable force against him.

## Parties

1. Plaintiff, Jason Palmiter is an individual residing in the Town of Warren in the County of Knox, in the State of Maine.

2. Defendant Kevin Joyce at all times material to this action was the duly elected, employed, and acting Sheriff for Cumberland County.

3. Defendant John Doe One, whose name is currently unknown, at all times material to this action was a duly appointed, employed and acting Corrections Officer with the Cumberland County Sheriff's Department.

4. Defendant John Doe Two, whose name is currently unknown, at all times material to this action was a duly appointed, employed, and acting Corrections Officer with the Cumberland County Sheriff's Department.

5. Defendant Jane Doe, whose name is currently unknown, at all times material to this action was a duly appointed, employed and acting Corrections Officer with the Cumberland County Sheriff's Department.

6. Defendant Cumberland County is a governmental entity in the State of Maine.

## Subject Matter Jurisdiction

7. This action arises under the United States Constitution, particularly under the provisions of the Fourth Amendment, Eighth Amendment, and the Fourteenth Amendment of the Constitution of the United States, and the Federal Law, particularly the Civil Rights Act, 42 U.S.C.§ 1983.

8. This Court has jurisdiction of this case under and by virtue of 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

9. This Honorable Court may exercise pendent jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

## Personal Jurisdiction

10. This Honorable Court wields jurisdiction over each of the Defendants named herein pursuant to 14 M.R.S.A. § 704-A in that each of the defendant is domicile in the State of Maine.

## Venue

11. Venue is properly laid before this Honorable Court pursuant 28 U.S.C § 1391 and Rule

9(a) of the rules of the United States District Court for the District of Maine in that all of the acts complained of occurred in the County of Cumberland in the State of Maine.

### Facts Common to all Counts

12. On March 25, 2011 Officer Robert Pellitier and Daniel Rose of the Portland Police Department were dispatched to an apartment at 75 Forest Avenue in Portland Maine for a well being check on Jason Palmiter.

13. United States Probation Officer Scott Hastings had petitioned the United States District Court for the District of Maine and received a warrant to arrest Mr. Palmiter.

14. Officer Pellitier made contact with Mr. Palmiter, who was cooperative and told the officers that he was fine.

15. During a warrant check while at the apartment, the officers were notified of the warrant that had been issued on March 24, 2011.

16. Mr. Palmiter was arrested without incident and taken to the Cumberland County Jail to be held for the United States Marshal Service.

17. When Mr. Palmiter arrived at the Cumberland County Jail at 12:15 pm he had no signs of

injury.

18. Officer Pellitier spoke with Scott Hastings from the jail and made no mention of any struggle or injury that occurred during the arrest of Mr. Palmiter.

19. While at the intake part of the jail, Mr. Palmiter was approached by two male corrections officers and one female corrections officer while he was talking on the telephone.

20. Mr. Palmiter was told to get off the telephone.

21. Mr. Palmiter was than marched to a rear area of holding where he was tripped by one of the officers and taken off his feet.

22. Mr. Palmiter's head made contact with the floor when one of the corrections officer grabbed his arms and twisted it behind his back until his elbow made a popping sound.

23. Once on the ground and immobilized, Mr. Palmiter was kicked and kneed by the corrections officers.

24. Mr. Palmiter then lost consciousness while lying immobile on the floor.

25. Mr. Palmiter received serious injuries to his head and face as a result of the Officers'

conduct that were plainly visible.

26. Mr. Palmiter had a laceration on the right side of his head, a contusion around his right eye, and a hematoma inside his right eye.

27. Mr. Palmiter had difficulty breathing when he regained consciousness and experienced severe pain from right side ribs.

28. Mr. Palmiter was not treated for his injuries.

29. Mr. Palmiter was placed on suicide watch on March 25, 2011 at 9:00 pm because he had a history of suicide attempts.

30. Mr. Palmiter was not seen or interviewed until March 26, 2011 at 10:00 in the morning.

31. No mention of Mr. Palmiter's obvious injuries was noted nor were any treatments performed described on the intake form completed at 10:00 am on March 26, 2011.

32. Another Nurse noted at 2:10 pm that Mr. Palmiter had been assessed by prior nurse and treated for his injuries but he could not then be screened.

33. 24 hours after Mr. Palmiter was attacked by corrections officers, a nurse performed

wound care and recorded Mr. Palmiter complaint that he had been attacked in intake. The nurse could find no documentation that an attacked had occurred despite Mr. Palmiter's obvious injuries.

34. On March 28, 2011, Mr. Palmiter was brought to the United States District Court where his injuries were apparent, booking photos were taken, and medical treatment was requested.

35. Mr. Palmiter was actually assessed and treated for his injuries starting on March 28, 2011.

    COUNT I:    42 U.S.C. § 1983 VIOLATION AGAINST CUMBERLAND COUNTY JAIL CORRECTIONS OFFICERS, CUMBERLAND COUNTY, AND KEVIN JOYCE FOR EXCESSIVE FORCE

36. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 35.

37. As indicated above, the defendant officers, under color of state law, subjected Mr. Palmiter to a deprivation of his constitutional rights, specifically the clearly established right not to have more force than necessary used against him once he had been arrested, as well as the Fourth, Fifth, Eighth and Fourteenth Amendment rights protected by the United States Constitution.

38. Mr. Palmiter was beaten, kicked, and pushed to the floor with such force that he was knocked unconscious when he was in custody and Mr. Palmiter's own behavior did not

justify such force.

39. The Cumberland County Defendants used force against Palmiter maliciously and sadistically, for the purpose of causing harm.

40. Mr. Palmiter suffered pain and permanent injury as a result of the Cumberland County Defendants' conduct.

41. On information, knowledge, and belief, a reasonable well trained corrections officer would have recognized that the use of such force was not justified, was more than necessary and would cause harm to and violate the rights of members of the public.

42. On information, knowledge, and belief, the Corrections Officer's conduct or inaction amounts to either deliberate, reckless, or callous indifference to the constitutional rights of others, including Mr. Palmiter.

43. Defendants' actions displayed a callous and reckless disregard of Mr. Palmiter's rights, or an indifference to the rights of Mr. Palmiter.

WHEREFORE, Plaintiff, Mr. Palmiter requests that this Honorable Court(1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Palmiter punitive damages, attorney's fees and costs pursuant to 42

U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just and proper

      COUNT II:    42 U.S.C. § 1983 SUPERVISORY VIOLATION AGAINST KEVIN JOYCE FOR EXCESSIVE FORCE

44. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 43.

45. On information, knowledge, and belief, Kevin Joyce was the Sheriff and supervisor of the Cumberland County Jail at the time the defendant corrections officers used excessive force against Mr. Palmiter.

46. On information, knowledge, and belief, Sheriff Joyce knew or should have known of the Defendant Officers' reputations for excessive force.

47. On information, knowledge, and belief, Sheriff Joyce knew or should have known of the Defendant Officers' pattern for excessive force.

48. On information, knowledge, and belief, Sheriff Joyce did not take reasonable steps to supervise and discipline the Defendant Officers or minimize the risk of harm that Defendant Officers presented to the public.

49. An affirmative link exists between the operational level constitutional violations perpetrated by the defendant correction officers and Sheriff Joyce's failure to properly

supervise and discipline the defendant officers.

50. Defendant's actions displayed a callous and reckless disregard of Mr. Palmiter's rights, or an indifference to his rights.

WHEREFORE, Plaintiff, Mr. Palmiter requests that this Honorable Court(1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Palmiter punitive damages, attorney's fees and costs pursuant to 42 U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just and proper.

> COUNT III: 42 U.S.C. § 1983 VIOLATION AGAINST CUMBERLAND COUNTY JAIL CORRECTIONS OFFICERS, CUMBERLAND COUNTY, AND KEVIN JOYCE FOR DENIAL OF MEDICAL CARE

51. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 50.

52. As indicated above, the defendant officers, under color of state law, subjected Mr. Palmiter to a deprivation of his constitutional rights, specifically the clearly established right to medical care, as well as the Fourth, Fifth, Eighth and Fourteenth Amendment rights protected by the United States Constitution.

53. Mr. Palmiter was beaten, kicked, and pushed to the floor with such force that he lost consciousness and a blood vessel burst in his eye when he was in custody and Mr.

Palmiter's own behavior did not justify such force.

54. Mr. Palmiter faced a serious medical need.

55. The Cumberland County Defendants were deliberately indifferent to that medical need to have his injuries examined, that is, the defendant knew of it and disregarded it by failing to take reasonable measures to address it.

56. The Cumberland County Defendants failure to act to treat the defendant and address the Plaintiff's medical need caused harm to the plaintiff.

WHEREFORE, Plaintiff, Mr. Palmiter requests that this Honorable Court(1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Palmiter punitive damages, attorney's fees and costs pursuant to 42 U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just and proper

       Count IV:    Common Law State tort of Battery v. Defendant
                         Officers, Defendant Correction Officers,
                         Cumberland County, and Kevin Joyce

57. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 56.

58. The Defendant Correction Officers and members of the Cumberland County Sheriff's

Office, did intentionally hit, pushed, touched, grabbed Mr. Palmiter for the purpose of causing Mr. Palmiter injury.

59. The Defendants Officers had no authority to assault Mr. Palmiter.

60. Mr. Palmiter did not consent to being assaulted.

WHEREFORE, Plaintiff, Mr. Palmiter requests that this Honorable Court (1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Palmiter punitive damages, attorney's fees and costs pursuant to 42 U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just and proper.

> COUNT V: 42 U.S.C. § 1983 VIOLATION AGAINST CUMBERLAND COUNTY JAIL CORRECTIONS OFFICERS, CUMBERLAND COUNTY, AND KEVIN JOYCE FOR FAILURE TO PROTECT FROM VIOLENCE

61. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 60.

62. As indicated above, the defendant officers, under color of state law, subjected Mr. Palmiter to a deprivation of his constitutional rights, specifically the clearly established right to medical care, as well as the Fourth, Fifth, Eighth and Fourteenth Amendment rights protected by the United States Constitution.

63. Mr. Palmiter was beaten, kicked, and pushed to the floor with such force that he lost consciousness and blood vessel burst in his eye while he was in custody.

64. The Corrections Officers were subjectively aware of the threat to Mr. Palmiter and consciously disregarded that threat to Mr. Palmiter's personal safety.

65. The Cumberland County Defendants were deliberately indifferent to the violence that would be used against Mr. Palmiter, that is, the defendant knew of it and disregarded it by failing to take reasonable measures to address it.

66. The Cumberland County Defendants failure to act to protect the defendant and address the Plaintiff's need caused harm to the plaintiff.

WHEREFORE, Plaintiff, Mr. Palmiter requests that this Honorable Court(1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Palmiter punitive damages, attorney's fees and costs pursuant to 42 U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just and proper

Dated this March 16, 2017                                    /S/ Robert C. Andrews
                                                             Robert C. Andrews
                                                             Attorney for Jason Palmiter
                                                             Maine Bar Number 8980
                                                             P.O. Box 17621
                                                             Portland, Maine 04112

207-879-9850