UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JASON PALMITER,<br><br>   Plaintiff,<br><br>  vs.<br><br>CUMBERLAND COUNTY, KEVIN JOYCE, JOHN DOE ONE, JOHN DOE TWO, JANE DOE,<br><br>   Defendants | Civil No. 17-0093-DBH |

**ANSWER, AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND**

  Defendants Cumberland County and Kevin Joyce, by and through counsel, hereby respond to the Plaintiff's Complaint as follows:

**Nature of the Action**

  The allegations contained in this paragraph of the Plaintiff's Complaint do not constitute assertions of fact to which a response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

**Parties**

  1. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

  2. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

3. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

4. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

5. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

6. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

## Subject Matter Jurisdiction

7. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

8. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

9. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

## Personal Jurisdiction

10. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

## Venue

11. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

## Facts Common to all Counts

12. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

13. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

14. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

15. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

16. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

17. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

18. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

19. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

20. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

21. The Defendants admit the Plaintiff was escorted to a holding cell. The Defendants deny the remaining allegations contained in this paragraph of the Plaintiff's Complaint.

22. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

23. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

24. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

25. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

26. The Defendants admit the Plaintiff was seen by a nurse after he was secured in the holding cell. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

27. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

28. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

29. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

30. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

31. The allegations contained in this paragraph of the Plaintiff's Complaint purport to characterize the contents of a written document that speaks for itself; therefore, no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

32. The allegations contained in this paragraph of the Plaintiff's Complaint purport to characterize the contents of a written document that speaks for itself; therefore, no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

33. The allegations contained in this paragraph of the Plaintiff's Complaint purport to characterize the contents of a written document that speaks for itself; therefore, no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

34. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

35. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

**COUNT I: 42 U.S.C. § 1983 VIOLATION AGAINST CUMBERLAND COUNTY JAIL CORRECTIONS OFFICERS, CUMBERLAND COUNTY, AND KEVIN JOYCE FOR EXCESSIVE FORCE**

36. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

37. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

38. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

39. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

40. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

41. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

42. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

43. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

**COUNT II: 42 U.S.C. § 1983 SUPERVISORY VIOLATION AGAINST KEVIN JOYCE FOR EXCESSIVE FORCE**

44. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

45. The Defendants admit Kevin Joyce was Sheriff of Cumberland County on March 25, 2011. The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

46. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

47. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

48. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

49. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

50. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

**COUNT III: 42 U.S.C. § 1983 VIOLATION AGAINST CUMBERLAND COUNTY JAIL CORRECTIONS OFFICERS, CUMBERLAND COUNTY, AND KEVIN JOYCE FOR DENIAL OF MEDICAL CARE**

51.   The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

52.   The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

53.   The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

54.   The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

55.   The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

56.   The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

**Count IV: Common Law State tort of Battery v. Defendant Officers, Defendant Corrections Officers, Cumberland County, and Kevin Joyce**

57.   The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

58.   The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

59.   The Defendants deny the Plaintiff was "assaulted." The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or

Answer, Affirmative Defenses and Jury Trial Demand
Page 9 of 14

knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

60.     The Defendants deny the Plaintiff was "assaulted." The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

### Count V: 42 U.S.C. § 1983 VIOLATION AGAINST CUMBERLAND COUNTY JAIL CORRECTIONS OFFICERS, CUMBERLAND COUNTY, AND KEVIN JOYCE FOR FAILURE TO PROTECT FROM VIOLENCE

61.     The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

62.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

63.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

64.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

65.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

66.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1.     The Defendants have at all times acted in good faith and without knowledge that their conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2. The Defendants' conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3. No reasonable person would have known that the Defendants' conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8107.

5. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by immunity provisions provided to the Defendants by the Maine Tort Claims Act, including but not limited to 14 M.R.S.A. § 8103, 8104-B, and 8111(1)(C), (D) and (E).

6. The Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

7. The Plaintiff's recoverable damages for tort claims are capped by the provisions of the Maine Tort Claims Act.

8. To the extent that the Plaintiff's Complaint seeks to impose liability on the Defendants in their representative capacity, the Complaint fails to state a claim upon which relief may be granted.

9. The Plaintiff's own conduct was the sole or a contributing cause of his injuries.

10. The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

11. The Plaintiff's claims are barred for the reason that the Defendants are not liable under a theory of *respondeat superior* for the actions of their agents.

12. The Plaintiff's claims are barred for the reason that the Defendants' actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

13. The Plaintiff's claims are barred for the reason that the allegations in the Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

14. The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

15. The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

16. The Plaintiff's claims are barred, in whole or in part, by the doctrine of privilege.

17. To the extent that the Plaintiff seeks injunctive or declaratory relief, the Plaintiff has no standing.

18. The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. §1983 in the Maine Constitution or the United States Constitution.

19. The Defendants reserve the right to demonstrate that the Plaintiff has failed to mitigate damages.

20. To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Complaint, the Defendants cannot be held liable for the alleged damages associated with those alleged injuries.

21. The County cannot be held liable for punitive damages as a matter of law.

## JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendants request a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendants Cumberland County and Kevin Joyce demand judgment in their favor with regard to all claims of the Plaintiff's Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 8th day of June, 2017.

>           Attorneys for Defendants Cumberland County and Kevin Joyce
>           MONAGHAN LEAHY, LLP
>           95 Exchange Street, P.O. Box 7046
>           Portland, ME 04112-7046
>           (207) 774-3906
>
> BY:   /s/ John J. Wall, III
>       John J. Wall, III

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2017, I electronically filed **Answer, Affirmative Defenses and Jury Trial Demand** using the CM/ECF system, which will provide notice to me and the following other counsel of record:  Robert Andrews, Esq. (rob.andrews.esq@gmail.com).

Dated at Portland, Maine this 8th day of June, 2017.

                              Attorneys for Defendants Cumberland County and Kevin Joyce
MONAGHAN LEAHY, LLP
95 Exchange Street, P.O. Box 7046
Portland, ME 04112-7046
(207) 774-3906

BY:    /s/ John J. Wall, III
           John J. Wall, III